# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2: 14-270 |
| | ) | |
| JAREL SPRINGER | ) | |

## MEMORANDUM ORDER

Pending before the Court is a MOTION TO DETERMINE THAT DEFENDANT IS NOT A CAREER OFFENDER (ECF No. 498) filed by Defendant Jarel Springer. The government has filed a response in opposition (ECF No. 502). Accordingly, the motion is ripe for disposition.

Defendant asks the Court to consider whether he is a Career Offender under the United States Sentencing Commission Guidelines Manual in advance of him pleading guilty. In essence, Defendant objects to the United States Probation Office's determination in a Pre-Plea Investigation Report that he qualifies for the enhancement, arguing that the predicate offenses should instead be considered relevant conduct.[1] Defendant estimates that the advisory sentencing guideline range is 188 – 235 months with the enhancement and 41 – 51 months without it.

The government opposes the motion. It argues that this issue is not yet ripe, and therefore, the Court lacks the authority to enter the order requested by Defendant. The Court agrees.

---

1. Federal Rule of Criminal Procedure 32(e)(1) provides that "[u]nless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty." The Local Rules of Court further provide that "[u]nder appropriate circumstances, and with the written consent of the defendant pursuant to Fed. R. Crim. P. 32(e)(1), the Court may order the [United States Probation Office] to conduct a Presentence Investigation and prepare a PSR for a defendant prior to the entry of a plea of guilty or nolo contendere." Although the Court will not reach the underlying merits of Defendant's motion, it deems his filing as his implied consent for the early disclosure of the contents of his Pre-Plea PSI Report.

Article III of the United States Constitution "limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009). "Courts enforce the case-or-controversy requirement through the several justiciability doctrines that 'cluster about Article III,'" such as "standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions." *Id.* (citations omitted). Relevant here, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300 (1998).

Applying those principles, several district courts have denied motions for a pre-guilt determination of sentencing-guidelines issues. As one district court has explained:

> [An advisory opinion] is precisely what [the defendant] seeks: He is asking this Court to determine what guideline range he will face *if* he is convicted. But Williams has not *been* convicted, and until he *is* convicted, any opinion about whether his prior conviction for third-degree arson qualifies as a "crime of violence" would be an advisory opinion. The Court understands why Williams is seeking that advice, but the Court is not constitutionally empowered to provide it.

*United States v. Williams*, No. 15-CR-0185 PJS/BRT, 2015 WL 5638051, at *1 (D. Minn. Sept. 24, 2015) (emphasis in original); *see also United States v. Thompson*, No. 12-CR-20656, 2012 WL 6214428, at *3 (E.D. Mich. Dec. 13, 2012).[2]

The Court finds those cases instructive. It is also sympathetic to the position of Defendant – the disparity in the sentencing ranges is stark, to be sure. But unless and until Defendant is adjudicated guilty of the crime for which he is now charged – *i.e.*, a contingent future event that may not occur at all – the question of whether he qualifies as a "Career

---

2. The *Williams* Court also noted the practical concern of facing this sort of motion in nearly every case in which a sentencing judge would have to "resolve factual and legal disputes, such as disputes over whether mandatory-minimum sentences apply or disputes over extremely important sentencing-guideline factors (such as the amount of drugs or financial loss for which a defendant is responsible)." *United States v. Williams*, No. 15-CR-0185 PJS/BRT, 2015 WL 5638051, at *1 (D. Minn. Sept. 24, 2015). The Court shares this concern.

Offender" is not ripe for disposition. Accordingly, Defendant's motion is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this 14th day of March, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Court Judge